IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROGER MOORE,

    Petitioner,

v.                                          Civil Action No. 2:14cv55
                                                  (Judge Bailey)

WARDEN MARY ANN CARTER,

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On July 10, 2014, Petitioner filed a *pro se* Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On July 23, 2015, he filed his petition on the court-approved form. On September 15, 2014, he paid the $5.00 filing fee. The petitioner is a federal inmate who was housed at FCI Morgantown[1] and is challenging the validity of his sentence imposed by the United States District Court for the Northern District of Iowa. This matter is pending before the undersigned for a Report and Recommendation.

### II. FACTS[2]

On or about October 25, 1996, Petitioner was convicted in Iowa District Court for Linn County of Conspiracy to Deliver a Controlled Substance, cocaine in violation of Sections 701.1, 706.3 and 124.401(1) of the Iowa Criminal Code. On April 1, 2011, in the United States District Court for the Northern District of Iowa, Petitioner was named in a four-count indictment charging him

---

[1] Sometime shortly after he initiated this action, he was transferred to FCI Oxford, which is located in Oxford, Wisconsin.

[2] The facts are taken from Petitioner's criminal case available on PACER. 1:11-cr-00083-LRR-1, Southern District of Iowa (Cedar Rapids).

with: (1) being a convicted felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2); (2) distribution of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c), 851; (3) distribution of methamphetamine, as charged in Count 2, on premises in which an individual under the age of 18 was present or resided in violation of 21 U.S.C. § 860(a); and (4) possessing pseudoephedrine, a listed chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture methamphetamine, a Schedule II controlled substance in violation of 21 U.S.C. § 841 (c)(2). On June 2, 2011, Petitioner appeared before a Magistrate Judge, with counsel, and entered pleas of guilty to Counts 1 and 4 of the indictment. On December 8, 2011, Petitioner was committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 108 months, Petitioner did not appeal his conviction and sentence, and he did not file a Motion to Vacate pursuant to 18 U.S.C. § 2255.

On November 10, 2014, Petitioner filed a *pro se* Motion to Reduce his Sentence as a result of an amendment to the Guidelines Manual that was made retroactive. On January 23, 2015, pursuant to 18 U.S.C. § 3582(e)(2) and USSG § 1B1.10, the court granted Petitioner's Motion to Reduce Sentence, and imposed a new sentence of 87 months as of November 2, 2015.

### IV. ANALYSIS

A motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

2

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, a § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a § 2255 motion is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new

3

rule is not one of constitutional law.³

Id. at 333-34.

Although Petitioner does not raise the savings clause, it is clear that he is not entitled to its application. In the instant case, even if Petitioner satisfied the first and third elements of Jones, the crimes for which Petitioner was convicted all remain criminal offenses.⁴ Therefore, because the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

Moreover, to the extent Petitioner challenges his sentencing enhancement, the same is not appropriate relief in a § 2241 action. Recently, the Fourth Circuit issued an opinion regarding the use of a § 2241 petition challenging a sentencing issue only. See United States v. Surratt, 2015 WL 4591677 (4ᵗʰ Cir. July 21, 2005).⁵ In the opinion, the Court emphasized that "Jones opened a narrow

---

³The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

⁴The undersigned recognizes that Petitioner claims that he is "actually innocent." However, in order to raise a claim of actual innocence under § 2241, Petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.

⁵In 2004, a grand jury indicted Surratt on several drug-related counts, including conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The Government then filed a timely information indicating that it would seek enhanced penalties based on Surratt's criminal history. Specifically, the Government's information identified four previous drug-related convictions, each in North Carolina. After his indictment, and despite the prospect of a life sentence, Surratt pleaded guilty to the conspiracy count. At the time, all of Surratt's prior convictions constituted felony convictions as outlined in United States v. Harp, 406 F.3d 242 (4ᵗʰ Cir. 2005). The district court sentenced Surratt to life imprisonment. Following Surratt's appeal and § 2255 motion, the Fourth Circuit issued its decision in United States v. Simmons, 649 F.3d 237 (4ᵗʰ Cir. 2011) (en banc), which overruled Harp and held that a prior conviction will constitute a felony for purposes of an enhanced punishment only

gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the defendant was convicted are not a crime." Id.*4 As the Fourth Circuit explained: "[t]he traditional view of actual innocence focuses on the elements of the crime of conviction and nothing in Jones deviates from that settled approach." Id. at *6 (internal citations omitted).

The decision in Surratt, is consistent with the Fourth Circuit's historical precedence that Jones "does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, 2012 WL 509852 (N.D. W.Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).[6]

Again, Petitioner does not argue that he is imprisoned for an offense which is no longer a

---

if the prior conviction was actually punishable for more than one year of imprisonment as to that defendant. Surratt and the government agreed that only one of Surratt's prior convictions would qualify as a "felony drug offense" under Simmons. Surratt's request to file a second or successive § 2255 motion was denied because his motion fell outside the statutorily enumerated exceptions set forth in 28 U.S.C. § 2255(h). Surratt also moved in the district court to vacate his sentence under §§ 2241 and 2255, or for writ of coram nobis. Surratt maintained that, in light of Simmons, he was "innocent" of the career offender enhancement and was the victim of fundamental error. More specifically, Surratt argued that he should not be subject to a mandatory life sentence. The Government did not oppose Surratt's § 2241 request. However, despite the parties' agreement, the district court denied Surratt's motion. Surrat v. United States, 2014 WL 2013328 (W.D.N.C. May 16, 2014).

[6]In addition, it would appear that the Fourth Circuit has now addressed the issue it left open in Whiteside v. United States, 748 F.3d at 547 n. 4 (noting that the Eleventh Circuit recently permitted a federal inmate to challenge the legality of a sentence under § 2241, but "expressly" refusing to decide whether the savings clause might justify relief from a sentencing error through a § 2241 petition in this Circuit.)

5

crime. Instead, he relies on Alleyne, in which a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id, at 2162.

This decision extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Court found that any fact which increases the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. See Simpson v. United States, No. 13-2373 2013 U.S. App. LEXIS 12902 *1 (7th Cir. July 10, 2013)(noting that Alleyne is an extension of Apprendi).

A number of courts that have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See id., United States v. Reyes, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); United States v. Standley, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 *7 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

Furthermore, Alleyne is clearly distinguishable from Petitioner's case. In Alleyne, the

6

defendant was convicted by a jury. Conversely, Petitioner signed a plea agreement and thus waived his right to have sentencing determinations made by a jury. Furthermore, conviction under 18 U.S.C. § 922(g), has no mandatory minimum, and Petitioner was sentenced utilizing the USSG guidelines.

Finally, the undersigned notes that Petitioner relies on the decision in Bryant v. Warden, 738 F.3d 1253 (11th Cir. 2013), for the proposition that he can raise his sentencing enhancement in this § 2241 petition.[7] However, following the Eleventh Circuit decision would conflict with the Fourth Circuit precedent as outlined above. In addition, even if Bryant were applied, it would not provide Petitioner any relief because he was sentenced below the statutory maximum of ten years for violation of 18 U.S.C. § 922(g)(1) and less than the twenty year maximum for violation of 18 U.S.C. § 841(c).[8]

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the

---

[7] There can be no argument that there are varied tests used by the different circuits to define the application of the savings clause. In Bryant, the Eleventh Circuit applied a five-part test that extends beyond decriminalized conduct to 922(g)(1) sentences no longer subject to the ACCA, which generally parallels the approach of the First, Sixth, and Ninth Circuits. Bryant, 738 F.3d at 1278, 1280. The Seventh Circuit has the most permissive approach and allows challenges based on career offender guidelines. Id. at 1280-81. On the other end of the spectrum, the Tenth Circuit will only allow a claim when barring it would render § 2255(h) unconstitutional, but has yet to identify such a circumstance. Id. at 1279. The Eighth Circuit has not used the savings clause to address either conduct or sentencing claims. Id. at 1281. The Second, Fifth and Fourth Circuits allow the savings clause to reach conduct later determined not to be criminal but not sentences. Id. at 1280.

[8] In Bryant, the petitioner's sentence of 235 months for an 18 U.S.C. § 922(g) conviction exceeded the 10-year statutory maximum penalty authorized by Congress under 18 U.S.C. § 924(a).

7

recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 21, 2015

>*/s/ John S. Kaull*
>JOHN S. KAULL
>UNITED STATES MAGISTRATE JUDGE